UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRIE O'BRIEN<br>    *Plaintiff,*<br><br>v.<br><br>CARAVAN CANOPY INT'L INC. and<br>AMAZON.COM SERVICES, LLC<br>    *Defendants.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No.:  3:22-cv-00756 |

## NOTICE OF REMOVAL

TO:    The Chief Judge and Judges of the United States District Court for the
District of Connecticut

Defendant Amazon.com Services LLC ("Amazon") hereby files this Notice of Removal of the captioned action from the Superior Court, Judicial District of Hartford, State of Connecticut, to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of its Notice of Removal, Amazon states as follows:

1.    On May 11, 2022, Amazon was served with the Plaintiff's Summons (attached as **Exhibit A**) and Complaint (attached as **Exhibit B**) via Connecticut State Marshal on its registered agent for service, Corporation Service Company (Return of Service is attached as **Exhibit C**).

2.    On May 20, 2022, Plaintiff filed her Complaint in Connecticut State Court in the Superior Court, Judicial District of Hartford, docket number HHD-CV22-6155814-S.

3.    Plaintiff Lorrie O'Brien ("Plaintiff") alleges that she sustained personal injuries after a zero-gravity chair broke while she was using it.  **Exhibit B**, First Count, ¶ 7.  Plaintiff further alleges that the zero-gravity chair was sold and manufactured by Defendant Caravan Canopy International ("Caravan Canopy") and that the product was sold through Amazon.com.  **Exhibit B**, First Count, at ¶¶ 5–6.  Plaintiff alleges that she "purchased" the zero-gravity chair from Amazon,

and that Amazon "marketed" and "shipped and/or delivered" the zero-gravity chair. **Exhibit B**, Second Count, ¶¶ 4–6.

4.      Plaintiff brings this action as a "product liability claim" pursuant to Section 52-572m *et seq*. of the Connecticut General Statutes and contends, *inter alia*, the zero-gravity chair is defective and lacked adequate warnings.  *See* **Exhibit B**, First Count, ¶ 10; Second Count, ¶ 10.

5.      Plaintiff is a resident of Enfield, Connecticut and therefore is a citizen of Connecticut for purposes of diversity jurisdiction.  *See* **Exhibit A**.

6.      Amazon is a Delaware limited liability company with a principal place of business located at 410 Terry Avenue North, Seattle, Washington.  The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington.  Amazon.com Services LLC is therefore a citizen of Delaware and Washington for the purposes of diversity jurisdiction. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[The] [d]efendant . . . is a limited liability company that takes the citizenship of each of its members."); *Sea Green Holdings, LLC v. Angera*, Docket No. 3:18-cv-0264 (MPS), 2018 U.S. Dist. LEXIS 61275, at *5 (D. Conn. Apr. 11, 2018) citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (same).

7.      Defendant Caravan Canopy is a California corporation with a principal place of business located at 17510-17512 Studebaker Road, Cerritos, California.  *See* **Exhibit B**, First Count, at ¶ 1.  Caravan Canopy is therefore a citizen of California for purposes of diversity jurisdiction. *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("For purposes of diversity jurisdiction, a corporation is deemed, as relevant here, to be a citizen both of the state

in which it has its principal place of business and of any state in which it is incorporated.") citing 28 U.S.C. § 1332(c)(1).

8.      Because Caravan Canopy and Amazon are citizens of different states than Plaintiff, complete diversity of citizenship exists.

9.      Federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  The action is removable pursuant to 28 U.S.C. § 1441(b) because none of the Defendants is a citizen of Connecticut.

10.     The amount in controversy exceeds $75,000, exclusive of interests and costs, due to the seriousness of Plaintiff's claimed injuries and damages.  Where a plaintiff has not pled a specific amount of damages, the amount in controversy requirement is satisfied when the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the seriousness of the plaintiff's claimed injuries and damages.  28 U.S.C. § 1446(c)(2); *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d. Cir. 2001) ("A case is removable when the initial pleading 'enables the defendant to intelligently ascertain removability from the face of such pleading so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a).") (internal quotation marks and brackets omitted).

11.     Here, Plaintiff served her state court Complaint on May 11, 2022, and pursuant to section 52-91 of the Connecticut General Statutes, Plaintiff also served a demand of monetary damages in excess of $15,000.  Plaintiff alleges that she sustained myriad severe "injuries and losses," including "headaches, head pain, cervical strain/sprain, cervical spine contusion, segmental and somatic dysfunction of cervical region, neck pain, cervical radiculopathy, right

shoulder contusion, right shoulder pain, segmental and somatic dysfunction of thoracic region, thoracic strain/sprain, segmental and somatic dysfunction of lumbar region, lumbar spine contusion, lumbar strain/sprain, back pain, lumbar radiculopathy, left lower extremity paresthesia, left leg pain" and "pain and suffering, both mental and physical."   **Exhibit B**, First and Second Counts at ¶¶ 11. Plaintiff alleges that she "will likely be forced to incur additional expenses for medical care and treatment in the future."  *Id*. at ¶¶ 12.  Plaintiff further contends she "was unable and remains unable to participate in and enjoy her usual activities."  *Id*. at ¶¶ 13.  Therefore, the jury in this case will be asked to value not just Plaintiff's alleged medical expenses, but also her pain and suffering and the impact the accident has had on her life and activities.

12.     Because Caravan Canopy and Amazon are citizens of different states than Plaintiff and the amount in controversy exceeds the jurisdictional threshold, diversity jurisdiction exists under 28 U.S.C. § 1332(a).

13.     None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

14.     The United States District Court for the District of Connecticut is the United States District Court and division embracing the Connecticut State Court in the Superior Court, Judicial District of Hartford, where this action was filed and is pending.  Venue is therefore proper in the United States District Court for the District of Connecticut under 28 U.S.C. § 1441(a).

15.     Removal is timely because the Notice of Removal has been filed within thirty (30) days of Amazon receiving the notice of Summons and Complaint.  *See* U.S.C. § 1446(b).  Amazon received the Summons and Complaint on May 11, 2022, and this Notice of Removal is timely filed on June 8, 2022.

16.     All Defendants consent to this Notice of Removal.  Defendant Caravan Canopy's Consent to Removal is attached hereto as **Exhibit D**.

17.     Copies of all process, pleadings and orders received by Defendants are attached hereto as **Exhibits A-C**.

18.     A stamped copy of this Notice of Removal will promptly be filed with the clerk of the Superior Court, Judicial District of Hartford, Connecticut, and served on Plaintiff pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Removal to the Hartford Superior Court (without attachments) to be filed and served is attached hereto as **Exhibit E**.

19.     The Civil Action Cover Sheet is attached hereto as **Exhibit F**.

## NON-WAIVER OF DEFENSES

20.     By removing this action, Amazon does not waive any defenses available to it in federal or state court, and expressly reserves the right to assert all such defenses in its responsive pleading.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

21.     By removing this action from the Superior Court of Hartford, Connecticut, Amazon does not admit any of the allegations in Plaintiff's Complaint.  Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

22.     Amazon filed or caused to be filed a copy of this Notice of Removal upon Plaintiff, Defendant Caravan Canopy, and with the Hartford Superior Court.

WHEREFORE, Amazon respectfully request removal of the above-captioned matter from the Hartford Superior Court, Connecticut, to the United States District Court for the District of Connecticut.

DATED:  June 8, 2022

Respectfully Submitted,

The Defendant
**AMAZON.COM SERVICES LLC**
By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Curtis A. Berglund*
 Curtis A. Berglund, Juris #431403
cberglund@campbell-trial-lawyers.com
20 City Square, Suite 300
Boston, MA 02129
T: (617) 241-3000

<u>**CERTIFICATE OF SERVICE**</u>

I, Curtis A. Berglund, counsel for the defendant, Amazon.Com Services LLC, hereby certify that on this 8th day of June 2022, I electronically filed the foregoing, ***Notice of Removal***, with the Clerk of the Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record.  The foregoing document is also available for viewing and/or downloading from ECF.  Said document was also sent via U.S. First Class Mail and Electronic Mail to the following counsel of record:

Brian M. Flood, Esq.                          Michael J. Dugan, Esq.
The Flood Law Firm, LLC                 Litchfield Cavo LLP
190 Washington Street                        82 Hopmeadow Street, Suite 210
Middletown, CT 06457                        Simsbury, CT, 06089
*Counsel for Plaintiff*                          *Counsel for Caravan Canopy Int'l Inc.*

*/s/ Curtis A. Berglund*
Curtis A. Berglund